CHIQUÉS, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Will.

No. 382.—Decided February 24, 1919.

RECORD OF TITLE—WILL—HEREDITARY RIGHT.—An authentic document attesting a mere hereditary right is sufficient authority for recording such right if the property is recorded in the name of the ancestor and the heir solicits the record in his name, or the heirs, if there are more than one, jointly solicit the record in their names.

The facts are stated in the opinion.
*Mr. Lorenzo Jiménez García* for the appellant.
The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On August 21, 1909, Rita Vega y Cruz, unmarried and without descendants of any kind, made her will before a notary in Caguas, setting forth what property she had and designating ''her mother, Natalia Cruz y Jiménez, as her sole and universal heir, without limitations.'' The testatrix also appointed the said Natalia Cruz as ''executrix *in soli-*

*dum* of the said property, with all the corresponding powers in law.''

The testatrix died and the heir applied to the registry of property of the district for admission to record of her hereditary right to a certain share in the ownership of a property recorded in the name of the testatrix, presenting a certified copy of the will, a receipt for the inheritance tax and a certificate of the death of the testatrix.

The registrar denied the record for the following reasons:

''1. It is not shown in the proper legal manner that said will has not been revoked by another valid will subsequently made by testatrix Rita Vega y Cruz.

''2. It is not shown in a legal manner that the executrix, Natalia Cruz y Jiménez, who is also the testamentary heir, is authorized as such executrix to take possession of the estate of the deceased.

''3. It is not shown in a legal manner that the will sought to be recorded was executed with the formalities required by law.''

We are of the opinion that the decision of the registrar cannot be sustained. It is only sought to record the hereditary right and for that purpose ''it is sufficient to present the authentic document establishing such right, provided the two following circumstances are present: First, that the hereditary property be recorded in favor of the predecessor in interest, as occurs in this case, and second, that there be one or more heirs who apply for the record of the property held in common.'' *Estate of Dávila* v. *The Registrar of Property,* 15 P. R. R. 652.

The matter is treated at length by Galindo and Escosura in their Commentaries on the Mortgage Law, Volume I, page 244 *et seq.* of the fourth edition of 1903. Many decisions of the General Directorate of Registries of Spain are cited and it may be deduced from all of them that it is only necessary to present the will in order that the registrar may record the hereditary right, the authorities holding that the registrar incurs no liability by recording a will that has been revoked.

What the registrar demands in the first ground of his decision in this particular case is negative evidence difficult to furnish, especially since there is no registry of wills in Porto Rico. The registrar acts at the petition and under the responsibility of the interested parties and, should any question arise by reason of the will, it is the province of the courts to adjust it.

It is not necessary to discuss the question raised by the registrar in the second ground of his decision, for the person who solicited the record did so as heir and not as executrix.

The third ground of the decision is too general. The registrar should have stated what specific formalities of law had not been complied with. We should then have been in a position to decide whether said noncompliance was of such a nature as to render the will null and void or whether it could be disregarded at the option of the interested parties, in which case the registrar would have no power to deny the record.

In view of the foregoing, we are of the opinion that the decision appealed from should be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.